UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.202.135.235,<br><br>  Defendant. | Case No. 24-cv-03253-RS<br><br>**ORDER GRANTING LEAVE TO ISSUE THIRD-PARTY SUBPOENA** |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") seeks leave to file a subpoena to unmask a Doe defendant it avers is illegally distributing its copyrighted pornographic films. Strike 3 has determined Defendant's Internet Protocol ("IP") address, but only the Internet Service Provider ("ISP") associated with that address (in this instance, Comcast Cable Communications, LLC ("Comcast")) can determine the account holder to which that address was assigned. For the reasons below, Strike 3's request for leave to serve a third-party subpoena is granted. Strike 3 must notify Defendant they can proceed anonymously in this case at the earliest possible opportunity.

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery. *See, e.g.*, *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276.

In evaluating whether a plaintiff has shown good cause to learn the identity of a Doe defendant through early discovery, courts examine whether the plaintiff: (1) has identified the Doe defendant with sufficient specificity that the court can determine if the defendant is a real person who can be sued in federal court; (2) has recounted the steps taken to locate and identify the defendant; (3) has demonstrated the action can withstand a motion to dismiss; and (4) has shown discovery is reasonably likely to lead to identifying information that will permit service of process. *See Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999) (citations omitted). "[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (third alteration in original) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Strike 3 has been labeled a "copyright troll" that files extortive lawsuits. *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 161 (D.D.C. 2018), *rev'd and remanded*, 964 F.3d 1203, 1205 (D.C. Cir. 2020). In the eyes of its detractors, Strike 3 profits from "the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs." *Ingenuity 13 LLC v. Doe*, No. 12-cv-8333, 2013 WL 1898633, at *1 (C.D. Cal. May. 6, 2013). The supposed scheme works like this: Strike 3 identifies thousands of IP addresses per year that uploaded its copyrighted material. *Strike 3*, 351 F. Supp. 3d at 162 (summarizing many cases). It files thousands of lawsuits and attempts to subpoena subscriber information. *See Strike 3 Holdings, LLC v. Doe*, No. 22-cv-5160, 2022 WL 5007963 (N.D. Cal. Oct. 4, 2022); *see also Strike 3 Holdings, LLC v. Doe*, No. 22-cv-5088, 2022 WL 4467684 (N.D. Cal. Sept. 27, 2022). When it succeeds, the subscriber learns he or she is being sued for uploading pornography. To save themselves embarrassment, the subscriber settles rather than pay high legal fees for a specialist in copyright law and hope the court lets them proceed anonymously. When a defendant does put up a fight, the company usually drops the case. *See Strike 3*, 351 F. Supp. 3d at 162 ("These serial litigants drop cases at the first

1 sign of resistance, preying on low-hanging fruit and staying one step ahead of any coordinated

2 defense.").

3 That said, pornography is entitled to copyright protections just like any other content. *See*

4 *Jartech, Inc. v. Clancy*, 666 F.2d 403, 405–06 (9th Cir. 1982). Strike 3 needs this third-party

5 subpoena to ascertain Defendant's identity, *see Wakefield*, 177 F.3d at 1163, and its request

6 satisfies the *seescandy* factors, *see* 185 F.R.D. at 578. Strike 3 avers it does not seek to force

7 anyone to settle unwillingly and that it files only "strong cases against extreme infringers" who

8 engage in illegal downloading and large-scale unauthorized distribution of Strike 3's content.

9 Strike 3 expressly "welcomes" an order "establishing procedural safeguards such as allowing a

10 defendant to proceed anonymously." Dkt. 7, at 12–13. To ensure no prejudice to the possibly

11 innocent account owner, courts routinely protect the identity of defendants in these cases until, at

12 least, further discovery reveals some information about them and whether they are likely the

13 perpetrator.

## CONCLUSION

15 1. Plaintiff has established good cause exists to serve a third-party subpoena on Comcast.

16 Its request for leave to serve a third-party subpoena is granted. Strike 3 must attempt to ensure

17 Defendant knows, at the earliest possible opportunity, they may proceed anonymously in this case.

18 2. Plaintiff may serve Comcast with a Rule 45 subpoena commanding Comcast to provide

19 Plaintiff with the true name and address of the Defendant to whom Comcast assigned an IP

20 address as set forth in Exhibit A to the complaint. Plaintiff shall attach a copy of this Order to any

21 such subpoena.

22 3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service

23 provider that is identified in response to a subpoena as a provider of Internet services to

24 Defendant; the same requirements laid out for Comcast in this Order will also apply to any follow-

25 on orders pursuant hereto.

4. If Comcast qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5),[1] then it shall comply with 47 U.S.C. § 551(c)(2)(B)[2] by sending a copy of this Order to Defendant.

5. Plaintiff shall also request that Comcast forward a copy of this Order to the subscriber, regardless of whether the ISP qualifies as a cable operator. If Comcast declines, Plaintiff shall serve a copy of this Order on Defendant either at the same time as or before any other service on or communication with Defendant.

6. Plaintiff may use only the information disclosed in response to a Rule 45 subpoena served on Comcast for the purpose of protecting and enforcing Plaintiff's rights as set forth in its complaint. Specifically, Plaintiff must not publicly disclose the information obtained based on this subpoena without leave of the Court—at least until the Doe defendant has had an opportunity to file a motion to proceed anonymously, or further discovery has been taken. All references to Defendant's identity must be redacted and filed under seal until further notice.

7. Comcast and/or any other ISP that receives a subpoena pursuant to this Order must confer with Strike 3 and may not assess any charge in advance of providing the information requested in the subpoena. The ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

8. Comcast and/or any other ISP that receives a subpoena pursuant to this Order must preserve any subpoenaed information pending the resolution of any timely filed motion to dismiss.

**IT IS SO ORDERED**.

---

[1] "[T]he term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

[2] "A cable operator may disclose such [personally identifiable] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]" 47 U.S.C. § 551(c)(2)(B).

1  Dated: June 25, 2024

_____
RICHARD SEEBORG
Chief United States District Judge